**FILED**
APR 19 2007


UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ELMER L. WEST, | * | CIV. 06-4163 |
| | * | CIV. 06-4164 |
| Petitioner, | * | |
| | * | |
| -vs- | * | MEMORANDUM OPINION |
| | * | AND ORDER |
| J.D. WHITEHEAD, Warden, | * | |
| Yankton Prison Camp, | * | |
| | * | |
| Respondent. | * | |

Petitioner, Elmer L. West, while he was an inmate at the Federal Prison Camp in Yankton, South Dakota, petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2241. The Court, on its own motion, ordered West's and other prisoners' cases which involved the same issue consolidated, with all filings in any of the cases to be made in Civil No. 06-4163. The common issue in the prisoners' cases was whether the refusal to allow inmates to be eligible for halfway house placement beyond 180 days in the absence of "extraordinary justification" is contrary to the rulings in *Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006), and *Elwood v. Jeter*, 386 F.3d 842 (8th Cir.2004). A memorandum opinion and judgment was filed in the consolidated case in which this Court concluded that the Bureau of Prisons had not acted contrary to law in restricting halfway house placements beyond 180 days to those cases demonstrating extraordinary justification. The consolidated case is now on appeal to the Eighth Circuit Court of Appeals.

In addition to the common issue presented in the consolidated case, West's individual supplemental petition has raised the issue of whether the Bureau of Prisons (BOP) has miscalculated his release date by not giving him enough credit for the time he was incarcerated prior to the entry of his judgment and sentence. West is requesting as relief an additional 497 days of credit on his sentence. Respondent contends that West received all prior custody credit to which he is entitled. Respondent does not challenge whether 28 U.S.C. § 2241 is the proper avenue for Petitioner to

pursue his claim regarding credit for prior custody.

## FACTUAL BACKGROUND

Petitioner was indicted for felon in possession of a firearm, 18 U.S.C. § 922(g) (1), in April of 2004, and appeared on those charges in the United States District Court in the District of Utah. The Indictment states the date of the offense as February 1, 2004. Petitioner pleaded guilty to the Indictment on November 18, 2004. Petitioner appeared before the Honorable Paul Cassell, United States District Judge, on January 19, 2005, for sentencing. Petitioner was sentenced to 51 months of incarceration and 24 months of supervised release. The Judgment in Petitioner's case states as follows: "51 months to run concurrent with any state sentence he is serving. There are 3 state case numbers. [file numbers listed]. Credit for time served." After serving his Utah state sentences Petitioner arrived at the Federal Correctional Institution in Waseca, Minnesota, on June 21, 2005.

Since Judge Cassell ordered that Petitioner's sentence run concurrently with his state sentences, the Inmate Systems administrator designated the Utah Department of Corrections as the facility for service of Petitioner's Federal sentence, and requested that State Authorities contact the Marshals service 60 days in advance of Petitioner's release from state custody. Although a federal sentence would ordinarily commence on the date a prisoner would arrive at the Federal facility at which the prisoner would begin serving his sentence, the BOP had granted Petitioner a nunc pro tunc designation to allow his sentence to begin the day it was imposed.[1]

In computing Petitioner's sentence the BOP awarded Petitioner 63 days of prior custody credit, by applying 18 U.S.C. § 3585 and the holding in *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993)[2]. The BOP then calculated 200 days of good conduct time and computed Petitioner's projected

---

[1] 18 U.S.C.A. § 3585 (a) provides: "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."

[2] Application of the decision in *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), results in enlargement of credit for non-Federal prior custody when the raw full term of a Federal sentence is less than the raw full term of the concurrent state sentence. It is impossible from the record to tell whether or not any *Kayfez* time is warranted, and if so, how much. The 60 days of *Kayfez* time that was credited is shown as being from 2-01-2004 to 4-03-2004. Document 14-3, page 2 of 9, an attachment to the Declaration of Ronald W. Riker, Designation and Sentence

2

satisfaction date as July 29, 2008.

Document 12-4, page 1 of 2, shows that Mr. West received credit against his Utah sentences from 02/04/2004 to 09/13/2004 (222 days) and 09/13/2004 to 01/25/2005 (134 days). Document 16 filed April 9, 2007, the federal docket sheet, shows no court order taking Mr. West from state to federal custody for various court appearances even though it appears from that same document that Mr. West was incarcerated from 04/21/2004 through his sentencing on 01/19/2005. Docket 12-3 page 11 of 12 states "A review of your commitment record reveals you were serving your state sentences at the time your federal sentence was imposed. You were produced in federal court for prosecution pursuant to a writ of habeas corpus." This is a statement by the Administrator of National Inmate Appeals. Document 61 filed in Civ. 06-4164 on February 12, 2007, page 1 of 4, reflects a 06-01-04 writ of habeas corpus *ad prosequendum* pursuant to a petition filed 05-28-04. Page 3 of 4 shows a petition and an Order on 09-03-04 for another writ of habeas corpus *ad prosequendum* in state court in Utah. Document 12-3, page 10 of 12, shows federal good time being calculated from 11-17-2004 onward.

From all of this, the Court concludes that from 04/21/04 until he was sentenced in federal court on 01/19/2005, Mr. West was generally in federal custody. Due to the fragmentary records provided, no absolute conclusion can be reached regarding the exact number of days Mr. West was

---

Computation Center. *Kayfez* is difficult to understand. There the Court stated:
> In the case before us, the state raw term will expire 358 days (as we compute it) after the raw term of the federal sentence. It is impossible to have an effective credit of 416 days within the 358. The remaining 58 days credit would shorten the state term, but would not benefit Kayfez except that during 58 days he would be serving only one sentence instead of two concurrent ones. Crediting an additional 29 days against his federal sentence will correct the problem.

*Kayfez v. Gasele*, 993 F.2d 1288, 1290 (7th Cir. 1993).

The Court agrees with *Kayfez* on the Bureau of Prisons using the "raw" term of a concurrent sentence for computation purposes. However, the problem as stated in *Kayfez* was serving 58 days where only 1 state sentence was being discharged while the federal sentence had been completed. How does the stated solution of reducing one half of that 58 days result in solving the perceived problem? If there was a problem for those separate offenses and sentences of differing length in state and federal court, then the problem was only reduced, not eliminated.

3

in federal versus state custody during that time period.

Petitioner moved to supplement the record with additional evidence. Doc. 61 in the consolidated action. That motion is granted and the evidence has been considered. On April 9, 2007, Petitioner filed supplemental information in the Civil File 06-4164. Doc. 16. That information has also been considered by the Court.

## WHETHER PETITIONER IS ENTITLED TO AN ADDITIONAL 497 DAYS OF CREDIT FOR TIME SERVED?

18 U.S.C.A. § 3585 (b) provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The Attorney General, through the Bureau of Prisons, is responsible for imprisoning federal offenders. *See* 18 U.S.C. § 3621(a). In addition, the Attorney General is responsible for computing credit for prior custody under § 3585(b). *See U.S. v. Wilson*, 503 U.S. 329, 334 (1992). In this case, the Court finds that Petitioner has not been wrongfully denied any time credit in computing credit for prior custody.

Petitioner has presented court documents which tend to establish that he was in federal custody most of the time prior to his sentencing on January 19, 2005. A prisoner who is detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction, which in this case, appears generally to be the federal government, unless and until the first sovereign relinquishes its jurisdiction over the prisoner. *See Ren v. Sherman*, 165 Fed.Appx. 235 (3d Cir.2006). 18 U.S.C.A. § 3585 (b) prohibits the award of double credit for prior custody. *See U.S. v. Wilson*, 503 U.S. at 337. Petitioner has failed to demonstrate that he did not receive credit against the Utah sentences for any of the imprisonment which occurred prior to the date his Federal

4

sentence commenced other than that for which the BOP has already granted him credit. In fact, Document 12-4, page 1 of 2, shows that Mr. West received credit against his Utah sentences from 02/04/2004 to 01/25/2005, a total of 356 days. For this reason his supplemental petition for relief under 28 U.S.C. § 2241 is denied. Accordingly,

IT IS ORDERED:

1. That Petitioner's motion to supplement the record with additional evidence is granted (Doc. 61);
2. That Petitioner's Motion (Doc. 16) in Civil File 06-4164, is granted to the extent that the Court has considered the additional information, but is otherwise denied;
3. That Petitioner's Motion to Return Petitioner to the Yankton Detention Center (Doc. 46) is denied;
4. Petitioner's Motion to Withdraw from the Consolidated Petition (Doc. 68) is denied: and
5. Petitioner's supplemental petition for relief under 28 U.S.C. §2241 is denied.

Dated this 19th day of April, 2007.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)     DEPUTY

5